**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 13** |
| **RUFUS DEWANE GAY** | ) | **CASE: A25-52411-JRS** |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION**
**AND EXEMPTIONS AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The plan as proposed will extend to one hundred fifty eight (158) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

2.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

3.

The Debtor has failed to provide to the Trustee a copy of the 2024 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

4.

The funding of post-petition mortgage installments have not been maintained in the above-styled Chapter 13 case, thereby rendering the proposed plan infeasible in violation of 11 U.S.C. Section 1325(a)(6).

5.

The Chapter 13 Schedules reflect an exemption of $11,200.00 in O.C.G.A. Section 44-13-100(a)(6), an amount that exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100.

6.

The Chapter 13 Schedules fail to include and notice a debt owed to U.S. Department of Housing and Urban Development for a mortgage, in violation of Bankruptcy Rule 1007(a)(1), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 342.

7.

The Debtor's pay advices indicate that the Debtor's income and payroll deductions differ from Schedule I. The Trustee requests that the Schedules be amended to reflect this income or additional documentation to support the currently filed Schedules be remitted to the Trustee. 11 U.S.C. Section 101(10A), 11 U.S.C. Section 1325(b)(6) and 11 U.S.C Section 1325(a)(3).

8.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

9.

Official Form 122C-1 fails to disclose all of the Debtor's gross household income received during the six (6) months preceding the filing of this case. 11 U.S.C. Section 101(10A).

10.

The plan fails to treat U.S. Department of Housing and Urban Development and the priority debt of Internal Revenue Service, in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Debtor's exemptions, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 22nd day of April, 2025.

Respectfully submitted,

/s/_____
Nancy J. Whaley
Standing Chapter 13 Trustee
State Bar No. 377941

# CERTIFICATE OF SERVICE

Case No: A25-52411-JRS

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Exemptions And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

RUFUS DEWANE GAY
8097 MAHOGANY LANE
LITHONIA, GA  30058

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Exemptions And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

BURROW & ASSOCIATES, LLC

This the 22nd day of April, 2025.

/s/_____
Nancy J. Whaley
Standing Chapter 13 Trustee
State Bar No. 377941
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201